IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEMLEM TSEGAI | ) |
| | ) |
|    Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) FILE NO. |
| HARTFORD LIFE AND | ) |
| ACCIDENT INSURANCE | ) |
| COMPANY | ) |
| | ) |
|    Defendant. | ) |

## COMPLAINT

### I. JURISDICTION AND PARTIES

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1001, *et. seq.*

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. §1132.

3.

Plaintiff, Lemlem Tsegai(hereinafter "Plaintiff"), is a citizen of the United States and of the State of Georgia.

4.

Defendant, Hartford Life and Accident Insurance Company (hereinafter "Defendant"), is a foreign corporation doing business for profit in Georgia.

5.

Defendant may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, CT Corporation, 289 S. Culver St., Lawrenceville, Georgia 30046-4085.

6.

Defendant negotiated, maintained and administered the disability policy at issue in this Complaint.

## II.  STATEMENT OF FACTS

7.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 stated above.

8.

Plaintiff's employer, Publix Super Markets, Inc., contracted with Defendant to provide long term disability benefits to its employees.

9.

At all times material to this action, an insurance policy for long term disability benefits was in full force and effect, constituting a binding contract between Publix Super Markets, Inc..

10.

Defendant pays long term disability insurance to covered employees of Publix Super Markets, Inc. under the Policy from its own assets.

11.

Publix Super Markets, Inc. offered long term disability to its employees as part of an overall welfare benefit plan, as defined under ERISA.

12.

Plaintiff was an insured employee under Defendant's long term disability insurance policy.

13.

Defendant administered the long term disability plan and made all decisions as to benefits payable to eligible employees of Publix Super Markets, Inc.

14.

Under Defendant's long term disability policy, totally disabled means that:

 (1) during the Elimination Period; and

 (2) for the next 24 months you are prevented by Disability from doing all the material and substantial duties of your own occupation on a full-time basis.

After that, and for as long as you remain Totally Disabled, you are prevented by Disability from doing any occupation or work for which you are, or could become, qualified by:

 (1) training;

 (2) education; or

 (3) experience.

16.

Plaintiff became unable to work from her occupation as a Baker on July 9, 2017 due to post concussion syndrome.

17.

After a protracted period, Defendant found Plaintiff disabled and paid benefits from October 8, 2017 to October 7, 2019.

18.

On or about October 30, 2019, Defendant sent Plaintiff to a Independent

Medical Examination with a Dr. Whitcomb who stated that she could perform sedentary work.

19.

On December 2, 2019, Defendant denied benefits via letter based upon the examination of Dr. Whitcomb.

20.

On May 21, 2020, Plaintiff appealed Defendant's decision with updated medical records.

21.

On July 9, 2020, Plaintiff produced even further records.

22.

On July 17, 2020, Plaintiff produced further records.

23.

On July 23, 2020, Defendant sent two medical reviews, via letter, to Plaintiff for comment.

24.

On September 15, 2020, Plaintiff's neurologist, Dr. Daniel Tesfaye, reviewed Defendant's medical reviewers' reports and stated that he did not agree with them.

25.

On September 15, 2020, Plaintiff submitted Dr. Daniel Tesfaye's responses to Defendant's two medical reviewers.

26.

On September 10, 2020, the Social Security Administration awarded Plaintiff disability insurance benefits.

27.

On September 29, 2020, Defendant sent Plaintiff additional medical reviews for comment.

28.

On October 15, 2020, Plaintiff's doctor, Dr. Daniel Tesfaye, stated again that he did not agree with these reviews.

29.

On October 16, 2020, Plaintiff sent to Defendant Dr. Daniel Tesfaye's responses to these reports.

30.

That same day, Defendant denied benefits relying on its medical record reviewers.

31.

On November 19, 2020, Dr. Daniel Tesfaye stated in a letter to Defendant that he had been treating Plaintiff since July 4, 2018 for closed head injury that caused her to have a traumatic brain injury.

32.

Dr. Tesfaye further stated that her pain is intractable and that she has an abnormal MRI.

33.

Dr. Tesfaye further stated that Plaintiff had developed severe anxiety and depression as a result of her head injury.

34.

Dr. Tesfaye further states that Plaintiff is severely disabled due to severe anxiety and depression that has results from her head injury.

35.

On November 20, 2020, Plaintiff sent this letter to Defendant and Plaintiff received proof that Defendant received this letter but Defendant would not reopen the file.

36.

Administrative remedies have been exhausted.

37.

Defendant's termination of Plaintiff's claim for long term disability benefits is a breach of the terms of the policy issued by Defendant and is in bad faith.

### III.  CLAIM FOR RELIEF

### ENTITLEMENT TO LONG TERM DISABILITY BENEFITS

38.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 37 stated above.

39.

Plaintiff is entitled to long term disability benefits under Defendant's Policy for the following reasons:

a. These benefits are permitted under the plans;

b. Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

c. Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

40.

Defendant has refused to pay disability benefits despite substantial medical documentation and multiple supportive opinions from Plaintiff's treating physician. As a result of Defendant's failure to pay benefits to Plaintiff, she is entitled to relief as outlined below.

## IV.  RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment of this honorable Court against Defendant as follows:

(1) Find and hold Defendant owes Plaintiff disability benefits in the proper amount from on or about December 2, 2019 and continuing, plus the maximum allowable interest on all back benefits;

(2) Enjoin Defendant from any further prohibited acts against Plaintiff;

(3) Award Plaintiff attorneys' fees, including litigation expenses, and the cost of this action; and

(4) Grant other and further relief as may be just and proper.

This the  11th  day of May, 2021.

[Signature on following page.]

ROGERS, HOFRICHTER & KARRH, LLC


*s/Heather K. Karrh*
HEATHER KENDALL KARRH
Ga. State Bar No. 408379
225 S. Glynn St., Ste. A
Fayetteville, GA 30214
(770) 460-1118
hkarrh@rhkpc.com
Attorneys for Plaintiff